Case 3:14-cr-03057-WQH   Document 634   Filed 01/23/25   PageID.2372   Page 1 of 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 14cr3057-WQH-1 |
| HUGO ADALBERTO ADRIAN RAMIREZ (1) ) | USM No: |
| ) | |
| Date of Original Judgment: 10/15/2018 ) | |
| Date of Previous Amended Judgment: ) | Defendant's Attorney |
| *(Use Date of Last Amended Judgment if Any)* | |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant moves for a reduced sentence as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, contending that he is a "zero-point offender." (ECF No. 624 at 2.) However, Defendant agreed at the time of sentencing and the Court subsequently found that he had six criminal history points and was in a criminal history category III. (See ECF No. 574 at 1; see also PSR ¶ 62.) Defendant is therefore ineligible for the adjustment as a zero-point offender under USSG § 4C1.1, the first requirement of which is that "the defendant did not receive any criminal history points[.]" Defendant also ineligible for the adjustment under USSG § 4C1.1(7) and § 4C1.1(10), because the parties agreed and the Court found that Defendant possessed a firearm in connection with the offense and Defendant received an aggravating role enhancement. (See Plea Agreement at 9-10, ECF No. 404.) Moreover even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the 210-month custodial sentence imposed. The Motion for Reduction in Sentence is denied. (ECF No. 624.) Because the Court referred Defendant's motion to the Federal Defenders, who filed a status report concluding that the Court can decide Defendant's motion on the existing record without further assistance of counsel (see ECF No. 628), the Court denies Defendant's motion for appointment of counsel. (ECF No. 625.)

Except as otherwise provided, all provisions of the judgment dated 10/15/2018 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 1/23/25

*Judge's signature*: /s/ William Q. Hayes

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*